(16 Misc. Rep. 9.)

### FREUDENHEIM et al. v. RADUZINER.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

APPEAL FROM JUSTICE—AMENDMENT OF RETURN—REHEARING.

 Where an appeal was taken from a justice of the city court to the general term of such court, where the judgment was affirmed, and an appeal was taken to the general term of the court of common pleas, which reversed such judgment, the return on appeal will not be amended, on an order from the justice setting forth matters which were not before the general term of the city court, in order to permit a rehearing.

On motion to amend a return on appeal from the city court, and for rehearing, or for leave to go to the appellate division on questions of law. Denied.

For former opinion, see 36 N. Y. Supp. 815.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. H. Berrick, for the motions.

Edward Clark and W. F. Severance, opposed.

PER CURIAM. An appeal was taken from an order of the general term of the city court, which affirmed a judgment entered upon a verdict directed in favor of the defendant. The appeal was heard at the last November general term of the court of common pleas, which court filed its decision December 27, 1895, reversing the order and judgment appealed from, with costs of appeal to the appellants, and a new trial was directed, unless, upon the objection of either party, the court below should strike the cause from the trial calendar. In order to meet the objections found against the judgment by the general term of the court of common pleas, the defendant, since the reversal by that court, has obtained irom one of the justices of the city court an order permitting the return on appeal to this court to be amended by setting forth certain matters and things which were not before the general term of the city court, and which were consequently not in the return made by that court on the appeal to the common pleas.

To allow such an amendment at this stage of the case would be to introduce a practice not heretofore countenanced. The common pleas was required to pass upon the record that the general term of the city court had before it, and that is what was done. The amendment proposed would introduce into the record matter which was not before the general term of the city court, and which could not, therefore, have influenced it in arriving at the result found by the common pleas to be erroneous. The motion to amend must therefore be denied, with $10 costs.

The second motion, viz. for a reargument, or leave to go to the appellate division, is also without merit. The authorities referred to

by the defendant were not overlooked, nor is there any great principle of law involved which would warrant us in sending the case to the appellate division for its consideration.    The defendant has failed to bring herself within any of the established rules which would entitle her to the relief sought, and this motion must also be denied, with $10 costs.